HARTSFIELD v. CHAMBLIN.

1. PETITION FOR REHEARING.—After opinion filed, and before remittitur sent down, the Supreme Court has the right to grant a rehearing, and reconsider its judgment on the facts.
2. IBID.—On rehearing had, error in Circuit decree in reversing probate decree as to parties who had not appealed, manifest on the record, and a transfer of interest disclosed to this court at the first hearing, but both overlooked in the opinion filed, corrected, and protected.
3. IBID.—The ruling of this court at the former hearing as to the admissibility of parol testimony where there was a writing, and as to certain matters of fact, reaffirmed.

This was a rehearing of the case as reported in 42 S. C., 1.

*Messrs. Bomar & Simpson,* for petition.

*Messrs. S. M. Pilgram* and *Nicholls & Jones,* contra.

April 15, 1895.  The opinion of the court was delivered by

MR. JUSTICE POPE.  On the 26th day of July, 1894, the judgment of this court was rendered by Associate Justice Mc-

Gowan, as the organ of the court. On the 29th day of July, 1894, Mr. Justice McGowan vacated his office as one of the justices of this court by reason of the termination of his term of office. The judgment of this court is set out in 42 S. C. Reports, at pages 1 to 9 inclusive. Within the ten days ensuing after the 26th July, 1894, and before our judgment had been remitted to the Circuit Court, the appellants, A. D. Chamblin and M. Lou Chamblin, obtained an order for the stay of the remittitur until their petition for a rehearing of the appeal in this court could be had. An order of this court was then passed by this court for a rehearing of the appeal at the December term, 1894. At that term such rehearing was had.

The grounds relied on at such rehearing were: 1. That this court in its judgment had overlooked the facts that it was consented to on the record, that if the judgment of the Circuit Court was affirmed, it must be noted in our judgment therefor that certain defendants must be excluded from any benefit of the judgment of the Circuit Court herein; and, secondly, that one of the defendants, A. B. Woodruff, had conveyed all his interest in the estate of Mrs. Eliza J. A. Woodruff, deceased, to A. D. Chamblin and M. Lou Chamblin, his wife, after the Circuit judgment had been rendered. 2. That this court in its judgment had overlooked the fact that Mrs. Eliza J. A. Woodruff, deceased, after the death of her husband, Dr. C. P. Woodruff, had ratified the previous gift of their joint property after death of them, or the survivor, to said A. B. Chamblin and M. Lou, his wife. 3. That this court in its judgment had mistaken the force of the testimony by parol to prove that Dr. C. P. Woodruff and his wife, Mrs. Eliza J. A. Woodruff, in order to induce the said A. D. Chamblin and M. Lou Chamblin, his wife, to forego their own plans for life, and as the consideration for such change of plans of life by them, the said A. D. Chamblin and M. Lou, his wife, had bargained with them that all their property should belong to said Chamblin and wife, at the death of the said Charles and Eliza, if Chamblin and wife would remove to and live upon their property, in the village of Woodruff, in this State, and take charge of, sustain, maintain, protect, and care for the said Charles and Eliza, and the sur-

vivor of them until death, which contract had been faithfully
and scrupulously observed by each party thereto.

We will now notice these grounds for a reversal or modifica-
tion of our former judgment. It may be remarked that the
respondents question the right of this court to reconsider
its judgment. In *Pringle* v. *Sizer*, 3 S. C., 337, this court
held: "There is no doubt of the power of this court to
correct its judgment founded on a misconception of facts, while
it has control over the cause." Again, in same case, just cited,
the court observes: "Strictly speaking, after a cause has once
been remitted, this court loses all jurisdiction of it; but if before
the remittitur has in fact issued, an error as to figures is made
apparent, or any obvious mistake of fact is shown, the court
would reform its judgment in conformity to the truth of the
matter." Rule XX. of this court is intended to supply the
machinery necessary for this reconsideration by this court.
An admissible recognition of this power and duty of the court
to reconsider its judgment upon good cause shown, is furnished
by the two cases of *Tillinghast* v. *Boston &c. Co.* and *Moore* v. *S.
C. Forsaith Co.*, 39 S. C., 484. This court has no doubt of its
power and duty, so far as this suggestion of respondents is
concerned.

First. Did this court err in the matters contained in the first
suggestion of error made by appellants? Let us see what the
"Case" discloses bearing upon these disputed matters.
When the judge of probate for Spartanburg rendered
his judgment on the 24th October, 1893, by the express
terms thereof, "It is, therefore, ordered and decreed, that A.
D. Chamblin, administrator of E. J. A. Woodruff, deceased,
first pay the costs and disbursements of this action, a bill of
which is hereto attached, and that he then turn over all the
balance of said estate to A. D. Chamblin and Lou Chamblin,
and that then he be discharged from all liability as adminis-
trator as aforesaid." From this decree of the judge of probate
the plaintiffs and the defendants, A. B. Woodruff, A. D. Cham-
blin, and Lou Chamblin, alone appealed. As to all the other
defendants, except A. B. Woodruff, A. D. Chamblin, and Lou
Chamblin, therefore, the decree of the said judge of probate

stands of force.    This fact the Circuit Judge failed to notice
and provide for in his decree.    The appellants in the eighth
ground of appeal alleged that the Circuit Judge was in error
in this regard.    And the plaintiffs, who are before this court
as respondents, gave written notice to the appellants, as appears
in the "Case," that they are "willing, and, so far as they are
concerned, consent that the said decree be so amended as to
meet the objections raised in said exception."    Our judgment
failed to provide for this change, or modification, of the Circuit
Court decree, and to that extent must be modified.    So, too, as
to the rights of A. B. Woodruff under the Circuit Court decree.
He has made a deed since its rendition whereby he conveys to
A. D. Chamblin and Lou Chamblin, his wife, all the interest he
may have in the estate of Eliza J. A. Woodruff, deceased.
This fact was disclosed to this court at the first hearing before
us.    Our first judgment did not mention this fact, nor provide
for a modification of the Circuit Court decree in respect to the
same.    Hence our judgment must be modified so as to provide
that all the rights of A. B. Woodruff in the property in con-
troversy here shall vest in A. D. Chamblin and Lou, his wife.

The matters referred to in the second and third suggestions
of error in our former judgment have occasioned us to carefully
review the facts as presented in the "Case."    We cannot
feel the slightest doubt after reflecting upon the testimony
of the witnesses, that these two old people, Dr. C. P.
Woodruff and his wife, Mrs. Eliza J. A. Woodruff, thought
that they had provided for all their property to go, after the
death of the survivor of them, to Mr. Chamblin and his
wife.    Dr. Montgomery is very clear in his testimony of this
point.    He seems to have been chosen by Dr. Woodruff and
his wife to convey their wishes to Mr. Chamblin and wife,
and to urge their acceptance of the terms.    In our State it is
distinctly recognized that such an agreement is enforcible.    In
the "Case" there appears but two contradictions.    One is the
testimony of Mrs. Rogers, who says that at the body of Dr. C.
P. Woodruff just after his death, when no doubt Mrs. Chamblin
was giving expression to her grief at his death, and enlarging
upon his kindness to her and hers, Mrs. Chamblin told her,

8—44

" 'Uncle Pink (Dr. Woodruff) had given them every thing, except $1,500 they had to pay for the place after Aunt Eliza (Mrs. Eliza J. A. Woodruff) was dead,' but I don't know who it was to be paid to." Mrs. Chamblin in her testimony, when questioned as to the testimony of Mrs. Rogers, said: "I don't remember; I guess I did, or she would not have said so; but I have no recollection of it."

The other contradiction is one in law, namely: the execution of a paper signed by Dr. Charles P. Woodruff and A. D. Chamblin, on the 4th October, 1872, which was after the ,date on which Dr. Montgomery had conveyed to Mr. and Mrs. Chamblin the proposition of Dr. and Mrs. C. P. Woodruff, and after their acceptance of said proposition by removing to and occupying the residence of Dr. Woodruff. This deed, after the formal parts, wherein 100 acres of land is conveyed by Dr. C. P. Woodruff to A. D. Chamblin in fee simple, has this remarkable stipulation: "It is, however, to be taken and understood as a part of this indenture, and as limiting and controlling the grant hereby made, that the said C. P. Woodruff hereby retains and reserves the use, occupation, rents, issues, and profits of said premises upon the following terms, to wit: the said Anderson D. Chamblin is to move with his family into the house upon the said premises now occupied by said C. P. Woodruff, the said C. P. Woodruff retaining for his use and for the use of his wife, E. J. A. Woodruff, during their joint lives, and the survivor during his or her life, two rooms of his choice, the said Anderson D. Chamblin and family occupying the other rooms in said house. The said A. D. Chamblin is to take charge of and cultivate the plantation and manage the same as he thinks best, relieving the said C. P. Woodruff of all care of the same. *He is to look after the interest of the said C. P. Woodruff, and provide for the wants and necessities of himself and wife, E. J. A. Woodruff, during the lives or life of both or either of them, so far as he may be able* [italics ours]; to keep the place in good condition by making all the necessary repairs to the fences and buildings. And furthermore, the said Anderson D. Chamblin agrees and binds himself to cultivate or cause to be cultivated the plantation on said premises during the life or lives of the

said C. P. Woodruff and E. J. A. Woodruff, and to pay to him annually during his life, or to his wife, should she survive him, during her life, the customary rent of the country; and in consideration thereof the said Anderson D. Chamblin is not to pay any interest on the purchase money of the same.   A. D. Chamblin has three years to pay this after C. P. Woodruff and E. J. A. Woodruff's death." The obligation executed by Anderson D. Chamblin for the purchase price ($1,500) of this land was in this form: "$1,500. One day after date, I promise to pay C. P. Woodruff or bearer fifteen hundred dollars for value received. This obligation not to be paid until three years after the death of said C. P. Woodruff and wife, E. J. A. Woodruff; interest to be paid annually by the rent of the place where I now live."

In view of the existence of these two writings, the Circuit Judge held that the probate judge had erred in admitting parol testimony as to the contract between the parties.   The Circuit Judge based such decisions upon the well recognized rule that a writing signed by the parties merges into such writing all parol agreements which precede it relating to the same subject matter.   Our first judgment held this view of the Circuit Judge to be correct, and that the result thereof, the judgment of the probate court, must be reversed.   Very reluctantly we must adhere to our views there expressed on this branch of the case. Nor can we find anything in the testimony going to show that Mrs. Eliza J. A. Woodruff, after the death of her husband, did any more than to mistake—unwittingly, of course—the effect of the previous writing signed by C. P. Woodruff, her husband, and A. D. Chamblin.   If it had been made to appear in the testimony that Mrs. Woodruff had made with these parties a distinct agreement of her own touching the case, and attention she was to receive from A. D. Chamblin and wife after the death of her husband, one difficulty might have been removed.   But as it is, we can only see that she was carrying out and recognizing her husband's contract with these parties.

It is the judgment of this court, that the judgment of the Circuit Court must be modified by allowing the judgment of the probate court to control in denying any share of the estate of Eliza J. A. Woodruff, deceased, to any of the defendants

except A. D. Chamblin and his wife, and vesting thereunder in the said A. D. Chamblin and his wife all the share in the estate of Eliza J. A. Woodruff which belonged to A. B. Woodruff and his codefendants named in the caption of this opinion, and that after this modification is made, that the said Circuit Court judgment be affirmed.